UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:05-cr-0082-LJM-TAB-7 |
| | ) | |
| LaRONDA GOSSETT, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 27, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 21, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 21, 2014, defendant LaRonda Gossett appeared in person with her appointed counsel, Mike Donahoe. The government appeared by Will McCoskey, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Gossett of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Gossett questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Gossett and her counsel, who informed the court they had reviewed the Petition and that Ms. Gossett understood the violations alleged. Ms. Gossett waived further reading of the Petition.

3. The court advised Ms. Gossett of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Gossett was advised of the rights she would have at a preliminary hearing. Ms. Gossett stated that she wished to waive her right to a preliminary hearing.

4. Ms. Gossett stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Gossett executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Gossett of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Gossett advised the court that she was prepared to admit to violations 1, 2, 6 and 8 and give up her right to a hearing. She further confirmed that she made these decisions voluntarily after consultation with counsel, with no promises of the magistrate judge's

recommended disposition of the matter, and further that she understood that the district judge was not required to accept the magistrate judge's recommendation.

7. The court placed Ms. Gossett under oath and directly inquired of Ms. Gossett whether she admitted violations 1, 2, 6, and 8 of her supervised release. Ms. Gossett admitted violations 1, 2, 6, and 8 of her supervised release as set forth below:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**<br><br>On two occasions, letters were mailed to the defendant's last reported address, 5118 Thompson Village Place, Apt. B, Indianapolis, Indiana 46227; however, both letters were returned as "not deliverable as addresses." Contact with the apartment property manager confirmed the defendant's name is not associated with the lease for that apartment. The defendant has failed to notify the probation officer of her change of residence, and her current whereabouts is unknown." |
| 6 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."**<br><br>The defendant failed to participate in substance abuse treatment during the months of July and October 2013. On October 4, 2013, at 7:41 a.m., the defendant left a message on her treatment counselor's voice mail stating, "I don't think I'm coming to my appointment, I don't give a f*** about probation, treatment, or nothing." The defendant has not attended any subsequent counseling sessions. |

8    **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

8. On the basis of Ms. Gossett's admissions, the court found she committed the violations specified in the Petition.

9. The Government orally moved to dismiss violations 3, 4, 5, and 7, and the court granted the motion.

10. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Ms. Gossett's criminal history category is 1.

    (c) The range of imprisonment applicable upon revocation of Ms. Gossett's supervised release, therefore, is 3-9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

11. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of five (5) months, with no supervised release to follow; and (c) the defendant is to be taken into custody immediately. The defendant also requested that the court recommend that Ms. Gossett be placed within the Bureau of Prisons as quickly as possible to maximize the time she will receive mental health treatment and that she be housed as close to Indiana as possible.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, LaRONDA GOSSETT, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED**, and she is sentenced to the custody of the Attorney General or his designee for a period of five (5) months, with no supervised release

to follow.  The court further recommends that Ms. Gossett be placed within the Bureau of Prisons as quickly as possible to maximize the time she will receive mental health treatment and that she be housed as close to Indiana as possible.  The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Ms. Gossett stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Gossett entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Gossett's supervised release, imposing a sentence of imprisonment of five  (5) months  in the custody of the Attorney General or his designee with no supervised release to follow, and ordering that Ms. Gossett be taken into custody immediately.  She further recommends that the district court include her recommendations that Ms. Gossett be

placed within the Bureau of Prisons as quickly as possible to maximize the time she will receive mental health treatment and that she be housed as close to Indiana as possible.

IT IS SO RECOMMENDED.

Date: 01/22/2014

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal